## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **17-04704-eg**

### ORDER REGARDING CONTINUED ADMINISTRATION OF CHAPTER 13 CASE

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/23/2022**



Entered: 09/23/2022

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Steven Martin Sizemore and Marilyn Lee Sizemore,<br><br>Debtors. | C/A No. 17-04704-eg<br><br>Chapter 13<br><br>**ORDER REGARDING CONTINUED ADMINISTRATION OF CHAPTER 13 CASE** |

This matter comes before the Court on the Motion to Appoint Representative ("Motion") filed by Sean Sizemore, the personal representative of the estate of Steven Martin Sizemore, on August 24, 2022 (ECF No. 81). The Chapter 13 Trustee filed a notice of no objection on August 25, 2022. On August 26, 2022, the Court entered an order (1) requiring Debtors to serve the Motion on the Chapter 13 Trustee, all parties who have filed a notice of appearance, and all claimants who have filed a proof of claim; (2) setting a deadline for objections; and (3) scheduling a further hearing on the Motion for September 21, 2022 (the "Scheduling Order", ECF No. 83). The Scheduling Order further provided that if no responses to the Motion are timely filed, the Court may remove this matter from the hearing calendar and grant the relief requested. No responses were filed; nonetheless, the Court held a hearing on the Motion to hear the testimony of Sean Sizemore and also to consider the Motion for Hardship Discharge (ECF No. 71) and Trustee's Petition to Dismiss (ECF No. 63), which were pending and scheduled to be heard on the same date. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (J).

**FINDINGS OF FACT**

1. Steven Martin Sizemore and Marilyn Lee Sizemore ("Debtors") filed this Chapter 13 bankruptcy case on September 22, 2017. According to the Schedules filed with the bankruptcy petition (ECF No. 1), Debtors have limited assets of significant value, including: Two vehicles (2002 Ford Explorer and 2006 Suzuki VL800) with a combined value of approximately $5,000.00, a mobile home valued at $45,000.00, and work tools used by Debtor Steven Martin Sizemore valued at $18,000.00. The foregoing assets are all listed as property of Debtor Steven Martin Sizemore. Debtors have unsecured debts totaling $56,586.66, some of which are individual to each debtor and some of which are joint debts.

2. On October 30, 2017, Debtors filed their Financial Management Course Certificates (ECF Nos. 15 and 16).

3. On January 9, 2018, Debtors' Chapter 13 Plan was confirmed (ECF No. 25).

4. On December 18, 2021, Marilyn Lee Sizemore died intestate, but no probate estate was opened.

5. On March 11, 2022, Debtors filed a Motion to Continue Administration due to the death of Marilyn Lee Sizemore (ECF No. 51). Debtors asserted that the case could be completed pursuant to the confirmed plan from the surviving Debtor's income and/or assets.

6. On March 22, 2022, the Court entered an order allowing the continued administration of the bankruptcy case (ECF No. 55). The order stated:

> Based upon a review of the pleadings, the Motion to Allow Continued Administration of Case Following Death of Debtor, filed March 11, 2022, is GRANTED to the extent it seeks to continue administration of the Chapter 13 case to complete payments and request discharge for the Debtors and other incidental acts consistent with the confirmed plan for the limited purpose of concluding and closing the joint case. Additionally, as to the deceased debtor, the plan may not be amended and the case may not be converted.

7.      On May 4, 2022, the Chapter 13 Trustee filed a petition to dismiss the case for nonpayment (ECF No. 63).

8.      On May 24, 2022, Debtors filed an objection to the petition to dismiss claiming that the Debtor husband had lost his job and was seeking new employment (ECF No. 64).

9.      On May 27, 2022, Steven Martin Sizemore died intestate.  A probate case was opened in the South Carolina probate court, Case Number 2022-ES-26-0331, and Sean Sizemore ("Mr. Sizemore") was appointed as the personal representative in the estate of Steven Martin Sizemore on June 25, 2022.  Mr. Sizemore is the son of Steven Martin Sizemore and the stepson of Marilyn Lee Sizemore.

10.      On July 29, 2022, Debtors, through counsel, filed a Motion for Hardship Discharge ("Motion for Discharge," ECF No. 71).  The Motion for Discharge argues that a hardship discharge should be granted because Debtors are unable to complete their payments due to their death, the unsecured creditors have been paid an amount equal to or greater than the amount they would have been paid if the Debtors had filed a case under Chapter 7 on September 22, 2017 (unsecured creditors have received $10,337.83 in this case, while the hypothetical liquidation analysis indicated that unsecured creditors would have received $8,184.00 in a chapter 7 case), and modification of the plan is not practicable since the deceased Debtors cannot modify a previously confirmed plan.

11.      On August 11, 2022, the Chapter 13 Trustee filed a response to the Motion for Discharge (ECF No. 80), wherein he indicated that it appears that all three prongs of the test for receiving a hardship discharge under 11 U.S.C. § 1328(b) have been met.  The Trustee, however, raised concerns regarding whether the Motion for Discharge could be filed by two deceased debtors through their attorney, rather than by a representative authorized by this Court or any other

3

court.

12.  On August 24, 2022, Mr. Sizemore filed the Motion currently before the Court seeking appointment as representative on behalf of Marilyn Lee Sizemore to file a motion for hardship discharge and complete her bankruptcy case. The Motion was based on Fed. R. Bankr. P. 1004.1 as the predicate for the relief sought.

13.  The Court conducted a hearing on the Motion for Discharge and the Trustee's Petition to Dismiss on September 7, 2022. During the hearing, Debtors' counsel also raised and discussed the Motion, and acknowledged that the Motion should have been made under Rule 1016. The Motion for Discharge and the Trustee's Petition to Dismiss were continued to September 21, 2022, to be heard in conjunction with the Motion.

14.  On September 21, 2022, a hearing was held on the Motion, the Motion for Hardship and the Trustee's Petition to Dismiss. At the hearing, Debtors' counsel and the Trustee reported that a proposed consent order would be filed as to Debtor Marilyn Lee Sizemore's dismissal of her chapter 13 bankruptcy case. Accordingly, Mr. Sizemore was seeking a hardship discharge for Steven Martin Sizemore only, and an order approving continued administration for Marilyn Lee Sizemore was no longer necessary. The Court indicated that it would treat the Motion as a motion to continue administration of Steven Martin Sizemore's chapter 13 bankruptcy case under Fed. R. Bankr. P. 1016. Mr. Sizemore testified, by proffer from Debtors' counsel, that continued administration was possible because Steven Martin Sizemore meets the requirements for a hardship discharge and that continued administration was in the best interest of the parties because there are insufficient assets to pay off the balance of the payments due under the plan and the creditors would likely not receive a distribution in probate.

15.  On September 22, 2022, the Court entered an order granting the Motion for

Hardship Discharge as to Steven Martin Sizemore only (ECF No. 92). The Court is also entering an order dismissing the Chapter 13 case of Marylin Lee Sizemore as requested by the Trustee and Sean Sizemore.[1]

### CONCLUSIONS OF LAW

The Motion, as filed, seeks appointment of Sean Sizemore under Fed. R. Bankr. P. 1004.1 as representative for his stepmother, Marilyn Lee Sizemore, for the purpose of completing the Debtors' bankruptcy case, including filing a motion for hardship discharge and signing any bankruptcy related documents on her behalf. Fed. R. Bankr. P. 1004.1, which is titled, *Petition for an Infant or Incompetent Person,* provides:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

As indicated by its title, Rule 1004.1 addresses the *commencement* of a bankruptcy case on behalf of an infant or incompetent person. Another rule, Fed, R, Bankr. P. 1016, titled *Death or Incompetency of a Debtor,* addresses the circumstances presented here: When a debtor dies or becomes incompetent during the pendency of a bankruptcy case. When a debtor dies in a Chapter 13 case, Rule 1016 provides:

> If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of

---

[1] Upon the death of Marilyn Lee Sizemore, the joint debtor, Steven Martin Sizemore, sought and obtained court authorization to continue administration of her bankruptcy case. Accordingly, Mr. Sizemore, in his capacity as personal representative for Steven Martin Sizemore, may stand in the shoes of Steven Martin Sizemore and consent to the dismissal of Marilyn Lee Sizemore's bankruptcy case. Since Mrs. Sizemore had minimal assets to be distributed to creditors at the time of her death and no probate estate was opened, it appears that further administration of her bankruptcy case to pursue a hardship discharge would not provide a meaningful benefit to Mrs. Sizemore or any other party and that dismissal of her case is appropriate.

5

the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

This Court routinely approves motions to continue administration on behalf of a deceased debtor in a Chapter 13 bankruptcy case pursuant to Rule 1016.  This case is unique because the death of both debtors occurred during the pendency of the bankruptcy.  Although the Motion was made under the incorrect Federal Rule of Bankruptcy Procedure, it appears clear from the Motion that Mr. Sizemore, as personal representative of the estate of Steven Martin Sizemore, was seeking his appointment as representative for Marilyn Lee Sizemore to complete Debtors' bankruptcy case by filing a motion for hardship discharge under 11 U.S.C. § 1328(b) on behalf of both Debtors – relief which falls within the parameters of Rule 1016.  Despite proper notice having been given,[2] no party has challenged Mr. Sizemore's standing or his authority to act for the Debtors.  At the hearing, Mr. Sizemore indicated that Debtors no longer wished to pursue the Motion as to Marilyn Lee Sizemore because a consent order dismissing her case had been agreed to between the Debtors and the Chapter 13 Trustee.  Mr. Sizemore does wish to pursue the Motion for Discharge for Steven Martin Sizemore, therefore court approval of the continued administration of Steven Martin Sizemore's bankruptcy case appears necessary. Accordingly, to avoid further delay, the Court will treat the Motion as a motion under Rule 1016 to continue administration of the bankruptcy case on behalf of Steven Martin Sizemore.

"Neither the Bankruptcy Code nor Fed. R. Bankr. P. 1016 provide for the appointment of a third party to be substituted for a deceased debtor for the purpose of exercising the rights, fulfilling the responsibilities or receiving the benefits provided to a debtor by a Chapter 13 case." *In re Swarthout,* C/A No. 09-06263-jw, slip op. (Bankr. D.S.C. Jan. 14, 2014). The Bankruptcy

---

[2] As reflected in the Certificate of Service filed on August 29, 2022 (ECF No. 84), the Debtors served all parties as required by the Scheduling Order.

6

Code does not authorize bankruptcy courts to appoint individuals as "representatives" to act on behalf of or exercise the rights of deceased debtors. *See id.* However, this Court has previously allowed a personal representative to sign documents and direct debtor's counsel regarding the completion and conclusion of a bankruptcy case pending at the time of a debtor's death. *Id.* This Court has previously allowed a personal representative appointed by the probate court to continue administration of a debtor's bankruptcy case upon the death of the debtor for the purpose of seeking a hardship discharge under §1328(b). *See In re Quint,* C/A No. 11-04296-jw, slip op. (Bankr. D.S.C. Jun. 22, 2012) (order authorizing continued administration); *In re Quint,* C/A No. 11-04296-jw, slip op. (Bankr. D.S.C. Aug. 16, 2012) (order granting hardship discharge). In this case, Mr. Sizemore has been appointed personal representative of his father's probate estate and appears to be familiar with the financial circumstances of Steven Martin Sizemore. Accordingly, the Court finds that Mr. Sizemore is the best person to act on behalf of Steven Martin Sizemore to take the necessary steps to seek a hardship discharge and close the bankruptcy case.

      A Motion under Rule 1016 may only be granted if further administration is possible and in the best interest of the parties. *See* Fed. R. Bankr. P. 1016. This determination is a fact-specific inquiry, which the Court must determine on a case-by-case basis, "regardless of whether there is a creditor objection or the Chapter 13 Trustee consents to the relief requested." *In re Gariepy,* C/A No. 11-00827-jw, slip op. at 4 (Bankr. D.S.C. Jan. 3, 2014). The Motion seeks to continue administration of a bankruptcy case in order to pursue a motion for hardship discharge and conclude and close the joint case. The majority of bankruptcy courts have found that Fed. R. Bankr. P. 1016 permits the further administration of a deceased debtor's bankruptcy case to seek a hardship discharge. *In re Goldston,* 627 B.R. 841, 866 (Bankr. D.S.C. 2021) (citing *In re Quint,* C/A No. 11-04296-jw, slip op. at 5 n. 6 (Bankr. D.S.C. Jun. 22, 2012); *In re Inyard,* 532 B.R. 364,

368-69 (Bankr. D. Kan. 2015); *In re Ferguson,* No. 11-50950, 2015 WL 4131596, at *2 (Bankr. W.D. Tex. Feb. 24, 2015)). Whether to allow continued administration under Rule 1016 is a separate inquiry from whether the Debtor is entitled to a hardship discharge under 11 U.S.C. § 1328(b). Here, the Court heard the proffered testimony of Mr. Sizemore and the arguments of counsel, and has concluded, by separate order, that Debtor Steven Martin Sizemore is entitled to a hardship discharge.

As the Court has separately determined that Debtor Steven Martin Sizemore meets the requirements for a hardship discharge and the record reflects that Steven Martin Sizemore has already completed the required financial management course to receive a discharge, the Court finds that further administration is possible. It further appears that further administration of the case is in the best interest of the parties. The pre-petition secured and unsecured creditors have received more than they would have received in a Chapter 7 liquidation case and there appears to be a minimal pool of assets for distribution to anyone in this case or through the probate process. It appears that all parties required to be served were served with both the Motion and the Motion for Discharge and no parties have filed an objection. Any post-petition creditors can pursue claims in the probate estate.

For the foregoing reasons, the Court grants the Motion to the extent that it seeks to continue administration of the Chapter 13 case to request a hardship discharge pursuant to 11 U.S.C. § 1328(b) and to take other action to conclude and close the joint case.

**AND IT IS SO ORDERED.**